### JOHN FINNIGAN ET AL. V. ELIZABETH P. FLOECK.

No. 632.

1. **Garnishment—Case in Judgment.**—F., having a judgment against A., garnished a bank to whom A. had indorsed overdue notes for collection, and she also garnished P., the trustee in a trust deed given to secure the notes held by the bank. By the answers of the garnishees, it appeared that A., prior to the service of the writ of garnishment, had given an order to F. & Co. on the bank for the proceeds of the notes when collected. The answers were controverted, fraud on creditors in the assignment of the notes charged, and F. & Co. made defendants. F. & Co. claimed that the consideration for the assignment to them of the proceeds of the notes was two notes due them by A., and advances to be made to him thereafter. Upon trial it developed that P. had received of the proceeds of the sale of the property in the trust deed named, $2669.93, which he had paid into the bank. The assignment of the notes by A. was found to be fraudulent, and judgment rendered in favor of F. for $1400, the amount advanced to A. by F. & Co. after service of the writ of garnishment. *Held,* the evidence, though meager, being sufficient to support the finding of the fraudulent character of the assignment, the judgment is affirmed.

2. **Fraud—Knowledge of Insolvency.**—The evidence tends to prove that A. was indebted to F. & Co., and they deny that they knew of his insolvency. Though the debt due them may have been a just and not a fictitious debt, if they knew of the insolvency of A. the transaction was fraudulent in law, and since they were under no obligation to make advances to A., in no event should any money paid by F. & Co. to him after notice of the garnishment be reimbursed them out of the proceeds of the notes. If the transaction was not fraudulent as to creditors of A., F. & Co. would be entitled to receive out of the proceeds of the notes the amount of A.'s indebtedness to them, and advancements made to him prior to the service of the garnishment. The case is reversed.

APPEAL from Harris.    Tried below before Hon. S. H. BRASHEAR.

*Hutcheson, Campbell & Sears,* for appellants.—1. Alexander owed Finnigan & Co. a just debt, and Finnigan & Co. had a right to take a transfer of enough of Alexander's property to pay their debt, even if Alexander was insolvent, which was not shown.

2. As Finnigan & Co. did not know that Alexander owed Mrs. Floeck, or any one else, they had a right to deal with him as with any one else, and take a transfer or mortgage of property of his to secure them in future advances they might make to him, and to the extent of the advances made they are protected by the property assigned to them.

A creditor may take enough property, even from a failing debtor, to pay his claim: Leman v. Borden, 83 Texas, 622; Edwards v. Dickson, 66 Texas, 614; Ellis v. Valentine, 65 Texas, 532.

Property may be mortgaged to secure future advances: Truscott v. King, 6 N. Y., 157, and cases cited; Robinson v. Williams, 22 N. Y., 383; United States v. Hooe, 3 Cranch, 73; Bump on Fraud. Con., pp. 228, 229, and cases cited; Wait on Fraud. Con., sec. 217.

3. The burden of proof was on Mrs. Floeck to show that the order from Alexander to the Planters and Mechanics Bank to pay to Finnigan & Co. the proceeds of the two notes held by it for collection for him was fraudulent, for that order transferred to Finnigan & Co. absolutely the proceeds of those notes, and the order was given and accepted long before the garnishment was run. Turner v. Lambeth, 2 Texas, 365; Greathouse v. Moore, 23 S. W. Rep., 226; 6 Wait's Act. and Def., p. 280.

The transfer vested title in Finnigan & Co.: 2 Daniel on Neg. Inst., sec. 1644; 3 Wait's Act. and Def., p. 469; Greathouse v. Moore, 23 S. W. Rep., 226.

4. The trial judge could not lawfully find the transfer from Alexander to Finnigan & Co. fraudulent unless the evidence made it appear that at the time the transfer was made Alexander had creditors and was insolvent, and these facts were known to Finnigan & Co., and that the necessary consequence of the transfer was to defraud hands after paying Finnigan & Co. what was due them before garnishment. 3

Wait's Act. and Def., p. 469, and cases cited; Wait on Fraud. Con., sec. 199; Horst v. Ins. Co., 73 Texas, 71.

As to court's finding on fraud: Marksbury v. Taylor, 10 Bush (Ky.), 519; 3 Wait's Act. and Def., p. 447; Railway v. Schmidt, 61 Texas, 285, and cases cited; La Belle v. Tidball, 69 Texas, 163; Cooper v. Martin-Brown Co., 78 Texas, 219; Tompkins v. Bennett, 3 Texas, 47; Paxton v. Boyce, 1 Texas, 317.

*E. P. Hamblen,* for appellee.—1. No jury having been demanded, the court below was the sole judge of the evidence and the credibility of the witnesses, and the evidence adduced was sufficient to support the judgment of the court below, and the appellate court will not disturb the finding. Harris v. Cattle Co., 84 Texas, 676; Railway v. O'Donnell, 58 Texas, 44; Ables v. Donley, 8 Texas, 331; Powell v. Hailey, 28 Texas, 56; Stroud v. Springfield, 28 Texas, 676.

2. The court was justified in disbelieving that Alexander was indebted to Finnigan & Co., notwithstanding Paine's evidence in support of that allegation, the circumstances of the case going to disprove the same. Coats v. Elliott, 23 Texas, 613; Pridgen v. Walker, 40 Texas, 138; Cheatham v. Riddle, 12 Texas, 118.

3. If the court erred at all, it was in not finding for appellee for the full amount in garnishee's hands, to wit, $2669.93, for the reason that, according to appellants' own evidence, Alexander owed Finnigan & Co. but little more than $1700 when the order for the full amount of $3000 was given by Alexander to Finnigan & Co. on Patton and the bank, and as the difference between the $1700 and the full amount of the order was fictitious, and given for the purpose of hindering and delaying the creditors, the court would have been justified in ignoring all of the claim set up by Finnigan & Co. Brasher v. Jamison et al., 75 Texas, 141; Simon v. Ash, 1 Texas Civ. App., 210.

GARRETT, CHIEF JUSTICE.—This appeal is from a judgment of the District Court of Harris County in a proceeding by garnishment instituted by the appellee, Elizabeth P. Floeck, against the Planters and Mechanics National Bank, of Houston, and John A. Patton, of Harris County, to reach effects of W. D. Alexander, against whom she had a judgment for about $3000. The answers of the garnishees disclosed, that the bank had in its hands at the time of the service of the writ of garnishment two notes executed by one G. A. Gibbons to the said W. D. Alexander, indorsed to it for collection, and past due when so transferred; that subsequent to said indorsement, and prior to the garnishment, John Finnigan & Co., the appellants, presented to the bank and notified it of an order in favor of that firm for such proceeds when collected; and that said Patton was the trustee of the said Gibbons in a chattel mortgage to secure said notes and others, but that the property assigned to said Patton had become involved in litigation adverse to his claim and possession which was then still pend-

ing, setting out in full the nature thereof.    Both the bank and Patton asked to be discharged on their answers.

The writs of garnishment were served December 5, 1894; the garnishees filed their answers on January 4, 1892.    On December 16, 1892, plaintiff controverted the answers, and alleged that the matters of litigation set up had been settled, and that garnishee Patton had received for the said Alexander the sum of $2669.98; that the order given by Alexander in favor of John Finnigan & Co. was without consideration, and was given for the purpose of defrauding the creditors of Alexander.    John Finnigan & Co. were made parties to the proceeding, and answered, that the order was made in good faith to pay two notes made by Alexander to them, and to secure such future advances as they might make to him.

The case was tried below without a jury; and having found that the assignment of Alexander to John Finnigan & Co. of the proceeds of the Gibson notes was fraudulently made with the intent to hinder and delay the creditors, the court rendered judgment in favor of the plaintiff for the sum of $1400, the amount which had been paid or advanced by Finnigan & Co. to Alexander after notice of the service of the writ of garnishment.

Appellant contends, that the finding of the court is not supported by the evidence, and that at most, judgment should not have been for more than the difference between the proceeds of the Gibson notes and the amount of Alexander's notes to them and such advances as they had made to him prior to the garnishment.    While the evidence is meager, still we believe it is sufficient to support the finding as to the fraudulent character of the assignment made by Alexander to Finnigan & Co.    Such being the case, the court properly rendered judgment in favor of the appellee, and should have rendered it for the entire amount of proceeds of the Gibson notes.    There being no error of which the appellants can complain, the judgment will be affirmed.

*Conclusions of Fact.*—1.    Elizabeth P. Floeck was the owner of a judgment obtained by the plaintiff therein against the defendant therein in the District Court of Harris County, on April 4, 1879, in suit number 10,407, Peter Floeck v. W. D. Alexander and William Guion, for the sum of $2500, besides costs of suit, with interest thereon at the rate of 12 per cent per annum from the date thereof.    Such judgment had been properly kept alive, was in full force, and there was due thereon about the sum of $3000 when the garnishment was applied for.

2.    As appears from the answer of the garnishees, W. E. Alexander indorsed to the Planters and Mechanics National Bank, for collection, on or about September 1, 1891, two notes executed by G. A. Gibbons to him; one dated July 6, 1888, due one day after date, for the sum of $1305, with interest at the rate of 10 per cent per annum, having a credit on interest of $50; the other dated February 10, 1888, due one

day after date, for the sum of $1890, with interest at the rate of 10 per cent per annum, having a credit on interest of $62. Gibbons was the son-in-law of Alexander.

3. John Finnigan & Co. were dealers in hides and wool up to 1891, when they commenced also to buy cotton. In 1887 they bought some wool at Ballinger and Wichita Falls on joint account with Alexander, on which there was a loss. Alexander entered into their employment in September or October, 1891, in their cotton business, at a salary of $50 a month.

4. On September 8, 1891, G. A. Gibbons executed a deed of trust or chattel mortgage in which he conveyed to James A. Patton his entire stock of goods, wares, merchandise, and implements, contained in his tailoring establishments in Houston and San Antonio in trust for the payment of certain indebtedness mentioned in said deed of trust in the order named, among which were the Alexander notes as above described, and as having been transferred to said Planters and Mechanics National Bank by said Alexander. As appears from the answer of the trustee, Patton, he was restrained from proceeding with the execution of the trust, on October 4, 1891, by the order of the United States Circuit Court for the Eastern District of Texas, made in two cases therein pending against said Gibbons, and said goods were taken from his possession and put in the hands of receivers. But when the case was tried below, Patton, as trustee, had received and paid over to the bank on said notes the sum of $2669.98.

5. On or about October 1, 1891, John Finnigan & Co. presented to the bank the following order or assignment:

"HOUSTON, TEXAS, October 1, 1891.
"*Planters and Mechanics National Bank, Houston, Texas:*

"Please pay to the order of John Finnigan & Co. the proceeds of two notes of G. A. Gibbons transferred by me to your bank, after paying yourselves all amounts due you on all collection charges or expenses of collecting. Said notes being described as follows: One note dated July 6, 1888, due one day after date, and calling for $1305, and 10 per cent interest until paid; and one note dated February 10, 1888, due one day after date, and calling for $1890, with 10 per cent interest until paid.         Yours respectfully,
                    [Signed]    "W. D. ALEXANDER."

6. R. E. Paine, a member of the firm of John Finnigan & Co., testified, that the consideration of the assignment by Alexander to his firm was the payment of two notes executed by Alexander, payable one to order of John Finnigan & Co., with 10 per cent interest per annum, dated September 1, 1891, due at thirty days, for $895.75, and the other to the order of R. E. Paine, with 10 per cent interest, one day after date, September 28, 1891, for $850, indorsed by Paine to Finnigan & Co.; also, for the payment of such small amounts as the firm

should advance Alexander; that the consideration of the notes was to cover the indebtedness of Alexander to them on account of losses in their joint purchase of wool, for which Finnigan & Co. advanced the money; that some of the wool was held and not sold until about three years after its. purchase. He testified further, that he did not know that Alexander owed any one. No other member of the firm testified or was accounted for.

7. While there was no direct evidence of the insolvency of Alexander, we conclude from all the facts that he was insolvent, and that John Finnigan & Co. knew of his insolvency. They dealt with him as an insolvent person.

8. None of the transactions testified to by Paine as furnishing the consideration of the Alexander notes, nor any memorandum of their existence, are entered in the books of John Finnigan & Co.; nor do the books show that Alexander was indebted to them. Commencing October 22, 1891, and ending March 8, 1892, John Finnigan & Co. paid to Alexander in cash $1745, of which $1410 was paid after notice of the garnishment.

9. We see no reason to reverse the conclusion of the trial court that the assignment made by Alexander to John Finnigan & Co. of the proceeds of the Gibbons notes was fraudulently made with intent to defeat the collection of the debt of plaintiff and other creditors.

*Conclusions of Law.*—Upon the facts, judgment should have been entered in favor of the plaintiff for the entire amount of the proceeds of the collection in the hands of the bank.

Delivered September 27, 1894.

### ON MOTION FOR REHEARING.

GARRETT, CHIEF JUSTICE.—Upon appellant's motion for a rehearing, we have reviewed the evidence in this case, and conclude that it was not sufficient to authorize a finding that Alexander was not indebted to Finnigan & Co., as evidenced by the notes for the payment of which the proceeds of the Gibbons debt to Alexander were assigned; nor that Finnigan & Co. knew that Alexander was insolvent. We think that the insolvency of Alexander was fairly shown by the evidence. He was indebted to the appellee, who had a judgment of long standing against him, which was admitted to have been kept alive by the issuance of executions, and to have due thereon $3000. The debt in favor of appellants was also of long standing. Finnigan & Co., in taking the assignment of the proceeds of the Gibbons debt, entered into an arrangement the effect of which would be to shield Alexander from creditors. They did not obligate themselves to make any advances to Alexander, but the transfer was for the payment of the notes and of such advances as they might make. It is our opinion that, without

any intentional fraud on the part of Finnigan & Co., the transaction should be held to be fraudulent in law, if they knew that Alexander was insolvent. This knowledge was not shown, and in the face of the testimony of Paine, denying the same, we have concluded that it ought not to be inferred from the evidence. Of course, if the debt was fictitious, the questions of Alexander's insolvency or knowledge thereof on the part of Finnigan & Co. would be immaterial issues in the case. But as above stated, we do not think the judgment of the court below ought to be sustained on this ground.

Since Finnigan & Co. were under no obligation to make advances to Alexander, in no event should any money paid to him after notice of the garnishment be reimbursed to them out of the proceeds of the Gibbons notes coming into the hands of the assignee, and the garnishees will not be protected in paying over to Finnigan & Co., after garnishment, any sums which they are not entitled to receive. If the transaction was not fraudulent as to creditors, Finnigan & Co. would be entitled to receive of the proceeds of the Gibbons indebtedness the amount of their notes against Alexander, and the advancements made to him before they had notice of the garnishment, the balance of the proceeds being subject to the writ.

We are of the opinion that the motion for rehearing should be granted, and that the judgment of the court below should be reversed and the cause remanded for another trial.

*Motion granted.*

Delivered November 8, 1894.